**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **JAMES KEANE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )      **Case No. 9:24-cv-81105-DMM** |
| | ) |
| **MEDICREDIT, INC.** | ) |
| | ) |
| Defendant. | ) |

<u>**MEDICREDIT'S ANSWER AND AFFIRMATIVE DEFENSES**</u>
<u>**TO PLAINTIFF'S COMPLAINT**</u>

Medicredit, Inc. (the "**Medicredit**"), in response to the Complaint (the "**Complaint**") filed by James Keane("**Plaintiff**"), denies any violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692a *et seq.* (the "**FDCPA**"). In further response to the Complaint, Medicredit states as follows:

<u>**JURISDICTION AND VENUE**</u>

1.      Paragraph 1 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Medicredit denies the same.

2.      Paragraph 2 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Medicredit denies the same.

<u>**PARTIES**</u>

3.      Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 3 of the Complaint and, therefore, denies the same.

4.      Medicredit admits that it is a Missouri Corporation but denies any remaining allegations in Paragraph 4 of the Complaint.

**DEMAND FOR JURY TRIAL**

5.      Medicredit admits that Plaintiff has demanded a trial by jury.

**RESPONSE TO ALLEGATIONS**

6.      Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 6 of the Complaint and, therefore, denies the same.

7.      Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 7 of the Complaint and, therefore, denies the same.

8.      Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 8 of the Complaint and, therefore, denies the same.

9.      Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 9 of the Complaint and, therefore, denies the same.

10.      Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 10 of the Complaint and, therefore, denies the same.

11.      Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 11 of the Complaint and, therefore, denies the same.

12.     Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 12 of the Complaint and, therefore, denies the same.

13.     Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 13 of the Complaint and, therefore, denies the same.

14.     Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 14 of the Complaint and, therefore, denies the same.

15.     Paragraph 15 of the Complaint states a legal conclusion and legal arguments to which no response is required. To the extent that a response is required, Medicredit denies the same.

16.     Medicredit denies the allegations of Paragraph 16 of the Complaint.

17.     Paragraph 17 of the Complaint states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, Medicredit denies the same.

18.     Paragraph 18 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Medicredit denies the same.

19.     Medicredit admits that it has a Consumer Collection Agency license with the Florida Office of Financial Regulation.

20.     Medicredit admits that the license number with the Florida Office of Financial Regulation is CCA0900581.

21.      Paragraph 21 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Medicredit complies with all Florida statutes and regulations.

22.      Paragraph 22 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Medicredit complies with all Florida statutes and regulations.

23.      Paragraph 23 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Medicredit complies with all Florida statutes and regulations.

24.      Paragraph 24 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Medicredit complies with all Florida statutes and regulations.

25.      Paragraph 25 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Medicredit complies with all Florida statutes and regulations.

26.      Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 26 of the Complaint and, therefore, denies the same. Exhibit A speaks for itself. Any conclusions or allegations drawn from Exhibit A are denied.

27.      Paragraph 27 of the Complaint states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, Medicredit denies the same. Exhibit A speaks for itself. Any conclusions or allegations drawn from Exhibit A are denied.

28.     Paragraph 28 of the Complaint states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, Medicredit denies the same. Exhibit A speaks for itself. Any conclusions or allegations drawn from Exhibit A are denied.

29.     Paragraph 29 of the Complaint states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, Medicredit denies the same.

<div align="center">

**COUNT 1**
**15 U.S.C. §1692e(2)(A)**

</div>

30.     Medicredit incorporates by reference responses to Paragraphs 6 through 29.

31.     Paragraph 31 of the Complaint states a legal conclusion and legal argument to which no response is required. To the extent that a response is required, Medicredit denies the allegations of Paragraph 31.

32.     Paragraph 32 of the Complaint states a legal conclusion and legal argument to which no response is required. To the extent that a response is required, Medicredit denies the allegations of Paragraph 32.

33.     Paragraph 33 of the Complaint states a legal conclusion and legal argument to which no response is required. To the extent that a response is required, Medicredit denies the allegations of Paragraph 33.

34.     Paragraph 34 of the Complaint states a legal conclusion and legal argument to which no response is required. To the extent that a response is required, Medicredit denies the allegations of Paragraph 34.

35.     Paragraph 35of the Complaint states a legal conclusion and legal argument to which no response is required. To the extent that a response is required, Medicredit denies the allegations of Paragraph 35.

36.     Paragraph 36 of the Complaint states a legal conclusion and legal argument to which no response is required. To the extent that a response is required, Medicredit denies the allegations of Paragraph 36.

37.     Paragraph 37 of the Complaint states a legal conclusion and legal argument to which no response is required. To the extent that a response is required, Medicredit denies the allegations of Paragraph 37.

38.     Medicredit denies the allegations of Paragraph 38 and demands strict proof thereof.

WHEREFORE, Defendant Medicredit, Inc respectfully requests that the Court enter an order denying Plaintiff's prayer for damages and dismissing the Complaint with prejudice.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

A.     All allegations of Plaintiff's Complaint not specifically admitted by Medicredit are denied.

B.     Medicredit asserts that Plaintiff has not incurred any actual damages as a result of the alleged violations by Medicredit of the FDCPA and this Plaintiff does not have standing to continue this cause of action. Alternatively, Medicredit asserts that any such damages incurred were not reasonably foreseeable and/or that Plaintiff has failed to mitigate her damages, if any.

C.     Plaintiff's Complaint fails to allege any facts that violate the fundamental purpose of the FDCPA which is to prevent "abusive debt collection practices by debt collectors," § 1692(a) (emphasis added).  Nothing in the Plaintiff's Complaint rises to the level of abusive debt collection practices.

D.     Plaintiff's Complaint fails to state a cause of action pursuant to Federal Rule of Civil Procedure 12(b)(6) as it, in whole or in part, states mere legal conclusions without sufficient factual support necessary to allege a cause of action and fails to state a claim upon which relief can be granted.  As a result, the Complaint does not state a claim which relief can be granted.

E.      Plaintiff's Complaint is barred, in whole or in part, by the doctrines of laches, waiver, estoppel and unclean hands because Plaintiff admits he was billed by his "Care Provider" before the debt was assigned to Medicredit.

F.      Medicredit states that any Plaintiff cannot recover from this Defendant because any violation of the FDCPA, if it occurred, was not intentional but resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adopted to avoid any such error. In this instance Plaintiffs failure to properly inform the Care Provider that the date of service was for a covered work place injury and therefore, under the provisions of the FDCPA, Medicredit is not liable to Plaintiff.

G.      Medicredit states that Plaintiff has failed to plead allegations with required particularity, failed to plead damages with required specificity, and has sustained no actual damages.

H.      Medicredit presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, and as of yet unstated, affirmative defenses available. Medicredit reserves the right to assert additional affirmative defenses as they become known.

<div style="margin-left:40%">

Respectfully submitted,

/s/  *Drew P. O'Malley*
Drew P. O'Malley
Florida Bar No. 106551
Spencer Fane LLP
201 North Franklin Street, Suite 2150
Tampa, Florida 33602
Phone:  813-424-3500
Facsimile:  813-405-8904
domalley@spencerfane.com
jryan@spencerfane.com
ecoutu@spencerfane.com
*Attorney for Defendant*

</div>

7

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on this 22nd day of October, 2024, a true copy of the foregoing

has been electronically filed with the Clerk of Court through the Court's CM/ECF E-Filing Portal

and served on all counsel of record via transmission of Notices of Electronic Filing generated by

the CM/ECF E-Filing Portal, to the following:

Thomas Patti, Esq.
Victor Zabaleta, Esq.
PATTI ZABALETA LAW GROUP
110 SE 6TH Street, Suite 1732
Fort Lauderdale, FL 33309
tom@pzlg.legal
victor@pzlg.legal
*Counsel for Plaintiff*


/s/ *Drew P. O'Malley*
Attorney