UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-81105-MIDDLEBROOKS/Matthewman

JAMES KEANE,

    Plaintiff,

v.

MEDICREDIT, INC.,

    Defendant.
_____/

**ORDER ON PLAINTIFF'S UNOPPOSED MOTION
FOR ENLARGEMENT OF TIME TO FILE A MOTION FOR SUMMARY JUDGMENT**

THIS CAUSE comes before me on the Plaintiff's Unopposed Motion for Enlargement of Time to File a Motion for Summary Judgment ("Motion") (DE 21), filed March 28, 2025. Plaintiff requests a two-week extension of the pretrial motions deadline, which is currently set for April 3, 2025. (DE 13).

Rule 16 of the Federal Rules of Civil Procedure requires the Court to issue an order setting forth the schedule upon which the case will proceed. Fed. R. Civ. P. 16(b). This Scheduling Order will be modified "only for good cause." Fed. R. Civ. P. 16(b)(4). The good cause standard "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing Fed. R. Civ. P. 16 advisory committee's note). "If a party was not diligent, the good cause inquiry should end." *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992)).

I find good cause for the requested extension. Defendant recently filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction on March 20, 2025. (DE 20). Defendant makes a factual

attack on subject matter jurisdiction, arguing that I lack subject matter jurisdiction over this case because Plaintiff has no evidence to support a concrete injury-in-fact, and therefore, lacks standing to bring this case. (DE 20). Plaintiff's response to Defendant's Motion is also due on April 3, 2025, the deadline for all pretrial motions. Thus, Plaintiff moves for a two-week extension to file its Motion for Summary Judgment.

I find that the Parties have been diligent in litigating this case and that good cause exists to grant the relatively short extension of time Plaintiff requests. I also note that no other litigation deadlines set forth in the Pretrial Scheduling Order will be impacted, and the trial date shall remain unchanged.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The Defendant's Unopposed Motion to Modify Pretrial Motions Deadline (DE 23) is **GRANTED.**

2. All pretrial motions shall be filed by **April 17, 2025.**

3. All other litigation deadlines will stand as presently set.

**SIGNED**, in Chambers, at West Palm Beach, Florida, this 31st day of March, 2025.

Donald M. Middlebrooks
United States District Judge

cc:   Counsel of Record