## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-81105-CV-MIDDLEBROOKS

JAMES KEANE,

      Plaintiff,

v.

MEDICREDIT INC.,

      Defendant.

_____/

## <u>ORDER ON MOTION TO DISMISS</u>

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed on March 20, 2025. (DE 20). The Motion is fully briefed. (DE 25; DE 26). For the following reasons, Defendant's Motion is denied.

This matter arises out of an alleged violation of the Fair Debt Collection Practices Act. Plaintiff claims that Defendant, a debt collector, sent him a notice of medical debt for treatment he received for injuries sustained in the scope of his employment. (DE 1 at 4-6). Plaintiff filed this action on September 11, 2024, asserting that Defendant violated the FDCPA by sending erroneous notices of the incurred debt, which should instead have been charged to Plaintiff's employer. Now, Defendant moves to dismiss the Complaint for lack of subject-matter jurisdiction, claiming that Plaintiff has alleged a mere procedural violation, devoid of any traceable injury-in-fact.

A motion to dismiss under Rule 12(b)(1) challenges a court's subject-matter jurisdiction over a case or controversy. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Attacks on subject matter jurisdiction pursuant to Rule 12(b)(1) come in two forms: (1) facial attacks, and (2) factual attacks. When subject matter jurisdiction is faced with a factual attack, "the trial court is free to weigh the

1

evidence and satisfy itself as to the existence of its power to hear the case." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).

"Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n.42 (11th Cir. 1991). To establish standing, "[t]he plaintiff must have (1) suffered an injury-in-fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "To establish injury-in-fact, a plaintiff must demonstrate he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339.

Here, Defendant claims that Plaintiff has failed to allege, or supply evidence of, a traceable injury-in-fact. It contends that the collection letters sent to Plaintiff, even if false under the FDCPA, amount to a mere procedural violation, without tangible harm to Plaintiff. Defendant is incorrect. Plaintiff's "injuries go beyond [the] noncompliant [letters]—he provided evidence of lost time, money, and peace. These are garden-variety injuries in fact under Article III." *Walters v. Fast AC, LLC*, 60 F.4th 642, 649 (11th Cir. 2023). Moreover, he feared harm to his credit, a material risk of injury. *See Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1280 (11th Cir. 2017). These injuries, and the

risk of further injury, are reasonably traceable to Defendant's collection letters.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion (DE 20) is **DENIED**.

**SIGNED** in Chambers in West Palm Beach, Florida, this 29th day of April, 2025.

Donald M. Middlebrooks
United States District Judge